IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA, | * | |
|---|---|---|
| | * | |
| v. | * | CR 112-243 |
| | * | |
| SHANTAE NICOLE EVANS. | * | |

### ORDER

This case comes before the Court on Defendant's motions to change the method by which the balance of her sentence is served and for judicial recommendation regarding placement in the residential re-entry center. (Doc. nos. 35, 36.) For the reasons set forth, Defendant's motions are **DENIED**.

### A. Motion to Change Method By Which Balance of Sentence Is Served

Defendant requests that she be allowed to serve the remainder of her sentence in home confinement. More specifically, Defendant contends that the Bureau of Prisons ("BOP") has failed to set up a Family Unity Demonstration Project as authorized by 42 U.S.C. §§ 13881 & 13882, and, therefore, "the Court is empowered to fashion an alternative remedy to effectuate the goal that Congress sought to achieve." (See Doc. no. 35 at 2.)

"The authority of a district court to modify a sentence is narrowly limited by statute."[1] United States v. Blaine, 409 Fed. Appx. 253, 261 (11th Cir. 2010) (internal quotations and citations

---

[1] 18 U.S.C. § 3582(c) expressly provides that the Court may only modify an already imposed prison sentence under three limited circumstances, none of which are present in this case.

omitted). Defendant's argument is based on 18 U.S.C. § 3553 and 42 U.S.C. § 13882. The Court finds that neither statute authorizes the Court to modify a sentence already imposed. See United States v. Goforth, 2010 WL 3167359, at *1 (W.D.N.C. Aug. 9, 2010) (denying similar motion relying on Family Unity Demonstration Project); United States v. Wright, 2008 WL 4219076, at *1 (D. Utah Sept. 15, 2008) (same); United States v. Robertson, 2008 WL 961614, at *1 (E.D. Okla. 2008) (same).

To the extent Defendant is challenging the execution of her sentence by the BOP, a petition for writ of habeas corpus under 28 U.S.C. § 2241 would be the exclusive remedy. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Even if the Court were to liberally construe Defendant's motion as a § 2241 petition, however, it would be dismissed for lack of jurisdiction because it was not brought in the district in which Defendant is incarcerated — the Northern District of Florida — and because Defendant has failed to show that she exhausted her administrative remedies. See United States v. Pruitt, No. 10-12228, 2011 WL 902194, at *1 (11th Cir. Mar. 16, 2011).

### B. Motion For Judicial Recommendation Regarding Placement In The Residential Re-Entry Center

Defendant also requests a recommendation from the Court that the BOP place her in a Residential Re-entry Center at least twelve (12) months prior to the end of her prison term. (Doc. no. 36 at 1.) However, at this time, the Court does not find it appropriate

2

to deviate from the sentence imposed and thus declines Defendant's request.

Upon the foregoing, Defendant's motions to change the method by which the balance of her sentence is served and for a judicial recommendation regarding placement in a residential re-entry center (doc. nos. 35, 36) are hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 28th day of August, 2014.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA